IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Thurmond R. Guess, Sr., | ) | C/A No. 3:15-657-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| David Adams, *as Richland County Treasurer*; | ) | |
| Shirley S. Tapp, | ) | |
| Defendants. | ) | |
| _____ | ) | |

The court's Report and Recommendation entered on March 17, 2015 is hereby vacated and this Amended Report and Recommendation is entered in its stead.[1]

The plaintiff, Thurmond R. Guess, Sr., proceeding *pro se*, brings this action pursuant to 42 U.S.C. §§ 1981, 1982, and 1983. Plaintiff further alleges violations of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 et seq. ("ECOA"), by the defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.[2]

---

[1] Plaintiff's period within which to file any objections to the assigned magistrate judge's recommendation shall recommence with entry of the instant Amended Report and Recommendation.

[2] The court notes that the defendants prematurely filed an Answer in this case (ECF No. 7), to which Plaintiff filed a reply (ECF No. 11). As the case is recommended for summary dismissal without prejudice and without issuance and service of process, the defendants' Answer has not been considered in the court's analysis of the Complaint.



I.      **Factual and Procedural Background**

Plaintiff alleges that he was the highest bidder for a piece of property being sold in a "County Wide Tax" sale on December 3, 2012. (ECF No. 1 at 2.) Plaintiff claims that he paid $300 and was provided a bidder receipt for purchase of the property. (Id.) Plaintiff states that the defaulting tax payer failed to timely redeem the property; however, fifteen months after the tax sale, the defendants allegedly cancelled or voided the sale and "strip[ped] the plaintiff of his property because of his race." (Id.) Plaintiff claims that, during a phone call in April of 2014, the defendants threatened to take the property. (Id.) Plaintiff further alleges that Defendant Shirley S. Tapp stated she "heard some talk at the Richland County Treasurer office that the Richland County Treasurer was going to take the property from the plaintiff because he was black." (Id.) Plaintiff alleges entitlement to injunctive and declaratory relief and seeks monetary damages for the defendants' actions. (Id. at 2, 4.)

II.     **Discussion**

   A.    **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's



allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, at the pleading stage, a plaintiff is generally not required to allege facts which, taken as true, would establish a *prima facie* case. See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., No. 13-2488, 2015 WL 1088931, at *3 (4th Cir. Mar. 13, 2015) (holding that a plaintiff is not required to "plead facts establishing a prima facie case of discrimination to survive a motion to dismiss"); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002). A plaintiff must, however, include factual averments that raise his claims above the speculative level, see Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), and nudge his claim "across the line from conceivable to plausible." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Thus, to



survive initial screening or a motion to dismiss, a plaintiff's factual averments must fall on the spectrum somewhere above purely speculative and conjectural conclusions but below strict assertions of *prima facie* elements.[3]  In determining whether a plaintiff's allegations are sufficient to state a plausible claim for relief, courts must use their common sense and judicial experience. See Iqbal, 556 U.S. at 679.

### B.     Analysis

#### 1.     Claims Under 42 U.S.C. §§ 1981, 1982

Under 42 U.S.C. § 1981, each citizen is guaranteed the same right to "make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a).  Section 1982 further guarantees all citizens the same right "as is enjoyed by white citizens [] to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.  "Because of the historic interrelationship of §§ 1981 and 1982, courts have consistently construed these statutes together." Saunders v. Gen. Servs. Corp., 659 F. Supp. 1042, 1063 (E.D. Va. 1986); see also CBOCS West, Inc. v. Humphries, 553 U.S. 442, 448 (2008) (noting the "sister statutes' common language, origin, and purposes").

To state a claim under §§ 1981 or 1982, "a plaintiff must ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual [or property] interest." Denny v. Elizabeth Arden Salons, Inc., 456 F.3d 427, 434 (4th Cir. 2006).  The United States Court of Appeals for the Fourth Circuit has not addressed the specific

---

[3] Although a plaintiff generally need not allege at the pleading stage facts demonstrating the *prima facie* elements of his or her case, often those elements provide a useful backdrop in determining whether a plaintiff has sufficiently alleged facts to nudge his or her claim across the line from conceivable to plausible.  Knowledge of what is ultimately required to prevail can be helpful in determining whether a plaintiff has included enough facts at the pleading stage to indicate that he or she could plausibly eventually establish a claim for relief.  To the extent *prima facie* elements are discussed herein, they are included only for that purpose.



elements required to demonstrate discrimination in the context of public bidding. See DAG Petroleum Suppliers, LLC v. BP PLC, 268 F. App'x 236, 241 (4th Cir. 2008) (leaving the determination of "the proper contours of a prima facie case in the bidding context" for "another day"). However, in that arena, courts within this circuit have found the test used by the Eleventh Circuit in Brown v. American Honda Motor Co., 939 F.2d 946, 949 (11th Cir. 1991), to be comparable to the standard used by the Fourth Circuit in similar contexts.[4] See Coles v. Smurfit-Stone Container Corp., C/A No. 4:05CV00063, 2006 WL 2944924, at *3 (W.D. Va. Oct. 13, 2006) (citing Williams v. Staples, Inc., 372 F.3d 662, 667-68 (4th Cir. 2004) (applying equivalent factors to determine discrimination in the context of a sale for services or goods); Murrell, 262 F.3d at 257 (using similar elements in a case alleging discriminatory refusal to provide accommodations)). Under the Eleventh Circuit's American Honda standard, a plaintiff must demonstrate that: (1) he is a member of a minority group; (2) he submitted a bid that met the requirements for an available contract; (3) the defendant ultimately rejected the bid; and (4) the defendant awarded the contract to individuals outside of the plaintiff's protected class. Id. (citing American Honda, 939 F.2d at 949); see also DAG Petroleum Suppliers, LLC v. BP PLC, 452 F. Supp. 2d 641, 645 (E.D. Va. 2006).

Here, the Complaint asserts that the defendants intentionally discriminated against Plaintiff based on his race. This claim rests entirely on Defendant Tapp's alleged statement that she "heard some talk . . . that the Richland County Treasurer was going to take the property from [Plaintiff]

---

[4] The Fourth Circuit has not addressed the specific elements required to demonstrate discrimination in the context of bidding. See DAG Petroleum Suppliers, LLC v. BP PLC, 268 F. App'x 236, 241 (4th Cir. 2008) (leaving the determination of "the proper contours of a prima facie case in the bidding context" for "another day").



because he was black." (ECF No. 1 at 2.) However, Plaintiff provides no indication that either defendant participated in the overheard conversation, nor does he allege that the defendants, through their own conduct or statements, demonstrated a discriminatory attitude. Thus, the court finds that the Complaint fails to plausibly allege a claim of intentional discrimination. See <u>Acey v. Bob Evans Farms, Inc.</u>, C/A No. 2:13-4916, 2014 WL 989201, at *4 (S.D. W. Va. Mar. 13, 2014) (finding alleged facts "too sparse to support a conclusion that the [defendant] intended to discriminate against [the plaintiff] based on his race") (collecting cases).

Moreover, although the Complaint provides sufficient factual information to establish that Plaintiff is a member of a racial minority who submitted a bid for real property, which the defendants accepted but later cancelled, Plaintiff provides insufficient factual allegations to support his repeated speculation that the defendants intentionally discriminated against Plaintiff because of his race. Plaintiff's conclusory assertion that the defendants handled Plaintiff's bid differently than "those of similarly-situated Caucasian" bidders is equally factually unsupported as Plaintiff fails to identify any such individual who was treated more favorably. Essentially, Plaintiff's allegations against the defendants do " 'little more than cite to their mistreatment and ask the court to conclude that it must have been related to [his] race. This is not sufficient.' " <u>Ross v. Flo Foods, Inc.</u>, C/A No. 3:10CV346-DSC, 2011 WL 3422657, at *5 (W.D.N.C. Aug. 4, 2011) (quoting <u>Lizardo v. Denny's, Inc.</u>, 270 F.3d 94, 104 (2d Cir. 2001)). As Plaintiff has not alleged facts indicating intentional discrimination or more favorable treatment of others outside of his protected class by the defendants, the Complaint fails to state a plausible claim for relief under the cited statutes.

As discussed above, although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements



to state a claim and must provide sufficient factual information to put defendants on notice of their wrongdoing. See Iqbal, 556 U.S. at 677-79; Twombly, 550 U.S. at 555; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Further, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678-79. Because the Complaint fails to plead "factual content that allows the court to draw the reasonable inference that the [defendants are] liable for the misconduct alleged," Iqbal, 556 U.S. at 678, Plaintiff fails to allege a plausible claim under §§ 1981 and 1982. See Painter's Mill Grille, LLC v. Brown, C/A No. RDB-11-1607, 2012 WL 576640, at *5-7 (D. Md. Feb. 21, 2012) (dismissing claims under §§ 1981 and 1982 as conclusory), aff'd, 716 F.3d 342 (4th Cir. 2013). Accordingly, Plaintiff's claims under those statutes are subject to summary dismissal.

### 2.     Claims Under 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff appears to allege a violation of his right to equal protection and due process of law under the Fourteenth Amendment. (ECF No. 1 at 3.) However, just as the Complaint fails to provide sufficient factual information to plausibly suggest intentional discrimination and disparate treatment under §§ 1981 and 1982, it also fails to indicate a violation of Plaintiff's right to equal protection under the Fourteenth Amendment. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) (holding that a plaintiff must "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or



purposeful discrimination" to succeed on an equal protection claim under § 1983). Moreover, Plaintiff's assertion of a due process violation is wholly unsupported by any factual averments. Therefore, the Complaint's claims under § 1983 are also subject to summary dismissal.[5]

### 3.     Equal Credit Opportunity Act Claims

Under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 et seq. ("ECOA"), it is unlawful for "any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race [or] color."[6] 15 U.S.C. § 1691(a). Here, the Complaint merely alleges that Plaintiff is a member of a protected class. It contains no factual allegations to demonstrate that Plaintiff applied for, or was denied, any type of credit by the defendant for a prohibited reason. Instead, Plaintiff alleges that he paid $300 for the property on the date of sale and received "a bidder receipt for the amount of said purchase." (ECF No. 1 at 2.) The Complaint also fails to include facts suggesting that the defendants extended loans to other similarly situated individuals outside of Plaintiff's protected class. See Ishaaq, 2015 WL 751613 at *6 (finding conclusory allegations insufficient to state a claim under the ECOA). Accordingly, Plaintiff's claims under the ECOA are subject to summary dismissal.

---

[5] The court notes that the defendants in this case are employees of Richland County. Municipal liability is based on the execution of a governmental policy or custom, see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978), and a plaintiff must identify the policy or custom that caused his injury. See Board of Cnty. Comm'rs v. Brown, 520 U.S. 397 (1997). In the instant Complaint, Plaintiff fails to identify any policy or custom which caused his federal rights to be violated. Thus, any claims Plaintiff may have intended to raise under a theory of municipal liability are subject to summary dismissal.

[6] Under the ECOA, a creditor is defined as "any person who regularly extends, renews, or continues credit." 15 U.S.C. § 1691a(e). The court notes that Plaintiff also fails to allege facts indicating that the defendants are "creditors" under the ECOA.



### 4. State Law Claims

Plaintiff's federal claims are recommended for summary dismissal. Therefore, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in the Complaint. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

## III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 23, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).