IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Thurmond R. Guess, Sr. | ) | C/A NO. 3:15-657-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| David Adams, *as Richland County Treasurer*; | ) | |
| Shirley S. Tapp, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On March 23, 2015, the Magistrate Judge issued an Amended Report[1] recommending that Plaintiff's complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on April 2, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

---

[1] The original Report, issued March 17, 2015, was vacated upon entry of the Amended Report. *See* Am. Report at 1, n.1, ECF No. 16.

determination of any portion of the Amended Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Amended Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court finds that it is a close question whether Plaintiff's allegations are sufficient to state causes of action under 42 U.S.C. §§ 1981, 1982, and 1983. While Plaintiff's allegations are weak and perhaps unlikely to survive a properly supported motion to dismiss or for summary judgment, the court declines to dismiss Plaintiff's claims under 42 U.S.C. §§ 1981, 1982, 1983 on prefiling review.

As to Plaintiff's allegations relating to the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.*, ("ECOA") the court agrees with the Amended Report that Plaintiff has failed to provide sufficient factual allegations that he applied for, or was denied, any type of credit by Defendants for a prohibited reason or that Defendants extended loans to other similarly situated individuals outside Plaintiff's protected class. Accordingly, Plaintiff's claims for relief under the ECOA are dismissed without prejudice.

Defendants have filed an Answer in this matter. ECF No. 7. Pursuant to the Local Rules of this court, this matter shall be returned to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

                                               s/ Cameron McGowan Currie
                                               CAMERON McGOWAN CURRIE
                                               SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 7, 2015