IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Thurmond R. Guess, Sr., | ) | C/A No.  3:15-657-CMC-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER** |
| v. | ) | **AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| David Adams, *as Richland County Treasurer*; | ) | |
| Shirley S. Tapp, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Thurmond R. Guess, a self-represented litigant, filed this action alleging a violation

of his rights under 42 U.S.C. §§ 1981, 1982, and 1983. This matter is before the court pursuant to

28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation

on the defendants' motion for summary judgment.  (ECF No. 20.)  Guess filed a response in

opposition (ECF No. 23) and the defendants filed a reply (ECF No. 28).  Also before the court is

Guess's motion to strike affidavits submitted by the defendants (ECF No. 26), to which the

defendants filed a response in opposition (ECF No. 29), and Guess filed a reply (ECF No. 30).[1]

---

[1] Guess's motion asserts that the court should strike the affidavits of Tapp and Adams because such affidavits are false. (ECF No. 26.) Guess references deposition testimony by Tapp, but does not indicate how that deposition supports the motion. (ECF No. 26-1.) Guess further asserts that Adams was aware of Guess's race because he worked as a food delivery person and talked to Adams many times. (ECF No. 26 at 1.) However, Guess provides no information to show that Adams was aware that Guess was the food delivery person with whom Adams allegedly interacted. As Guess has provided no support for his contention that the defendants' affidavits are false, Guess's motion to strike is denied. Cf. Butts v. Clarke, C/A No. 2:12-cv-42, 2014 WL 933654, at *11 (E.D. Va. Mar. 10, 2014) (overruling petitioner's objection to, and finding no clear error in, the magistrate judge's denial of a motion to strike an allegedly false affidavit where information contained therein was not inconsistent with the petitioner's averments).



Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion (ECF No. 20) should be granted.

## BACKGROUND

Guess alleges that he was the highest bidder for a piece of property being sold in a "County Wide Tax" sale on December 3, 2012. (ECF No. 1 at 2.) Guess claims that he paid $300 and was provided a bidder receipt for purchase of the property. (Id.) Guess states that the defaulting tax payer, William S. Boyle, Jr., failed to timely redeem the property; however, fifteen months after the tax sale, the defendants cancelled or voided the sale.[2] (Id.) Guess alleges that he received a call from the defendants on April 9, 2014 regarding the return of the property to the County. (Id.) Guess asserts that the defendants' actions were discriminatory and due to Guess's race. (Id.) Guess alleges entitlement to injunctive and declaratory relief and seeks monetary damages for the defendants' actions. (Id. at 2, 4.)

## DISCUSSION

A.    **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary

---

[2] The property owner is also identified as William P. Boyle (Pl.'s Resp. Opp'n, ECF No. 23 at 2; Guess Aff., ECF No. 25 at 1) and William B. Boyle (Tapp Aff., ECF No. 20-2 at 2).



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Direct Evidence and Burden-Shifting Framework**

A plaintiff asserting a claim of unlawful discrimination may proceed through two avenues of proof. First, he may directly prove through direct or circumstantial evidence that a protected characteristic such as race was a motivating factor in the decision which adversely affected him. See

PJG

Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-85 (4th Cir. 2004) (*en banc*).

Such proof includes "evidence of conduct or statements that both reflect directly the alleged

discriminatory attitude and that bear directly on the contested . . . decision." Id. (quoting Fuller v.

Phipps, 67 F.3d 1137, 1142 (4th Cir. 1995)). "[A] plaintiff must demonstrate that a 'protected trait

. . . actually played a role in the [] decisionmaking process and had a determinative influence on the

outcome.' " Worden v. SunTrust Banks, Inc., 549 F.3d 334, 342 n.7 (4th Cir. 2008) (quoting Hill,

354 F.3d at 286).

Alternatively, when direct proof is lacking, a plaintiff may proceed under the McDonnell

Douglas burden-shifting framework.[3] Warch v. Ohio Casualty Ins. Co., 435 F.3d 510, 520 (4th Cir.

2006); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Pursuant to this

framework, once the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to

the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action.

Merritt v. Old Dominion Freight, 601 F.3d 289, 294 (4th Cir. 2010) (Title VII).  The defendant's

burden "is one of production, not persuasion." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S.

133, 142 (2000).  Once a defendant meets this burden by producing affidavits or testimony

demonstrating a legitimate, nondiscriminatory reason, "the McDonnell Douglas framework—with

its presumptions and burdens—disappear[s], and the sole remaining issue [is] discrimination *vel*

*non*." Id. (internal quotation marks & citations omitted).      In other words, if the defendant meets

the burden to demonstrate a legitimate, nondiscriminatory reason, the plaintiff must demonstrate by

a preponderance of the evidence that the proffered reason was " 'not its true reason[], but [was] a

---

[3] The McDonnell Douglas burden-shifting framework also applies to discrimination claims
brought under 42 U.S.C. §§ 1981, 1983.  See Gairola v. Commonwealth of Va. Dep't of Gen. Servs.,
753 F.2d 1281, 1285-86 (4th Cir. 1985).



pretext for discrimination.' "  Merritt, 601 F.3d at 294 (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).  Accordingly, the plaintiff's burden of demonstrating pretext " 'merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination.' "  Merritt, 601 F.3d at 294 (quoting Burdine, 450 U.S. at 256) (alterations in original); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 319 (4th Cir. 2005) (Title VII & 42 U.S.C. § 1981).  To meet this "merged" burden, the [plaintiff] may prove by a preponderance of the evidence that the decision maker's affidavit is untrue or that the defendant's proffered explanation is unworthy of credence.  Burdine, 450 U.S. at 256.

"[A] plaintiff's prima facie case, combined with sufficient evidence to find that the [defendant's] asserted justification is false, *may* permit the trier of fact to conclude that the [defendant] unlawfully discriminated."  Reeves, 530 U.S. at 148 (emphasis added).  However, "if the record conclusively reveal[s] some other, nondiscriminatory reason for the [defendant's] decision, or if the plaintiff create[s] only a weak issue of fact as to whether the [defendant's] reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," summary judgment is appropriate.  Id.  Accordingly, the court must evaluate "the strength of the plaintiff's prima facie case, the probative value of the proof that the [defendant's] explanation is false, and any other evidence that supports the [defendant's] case and that properly may be considered on a motion for judgment as a matter of law."  Id. at 148-49.  "Notwithstanding the intricacies of proof schemes, the core of every [discrimination] case remains the same, necessitating resolution of the ultimate question of . . . whether the plaintiff was the victim of intentional discrimination."  Merritt, 601 F.3d at 294-95.

PJG

## C.    Guess's Claims

Guess asserts that the defendants intentionally discriminated against him based on his race in violation of 42 U.S.C. §§ 1981, 1982, and 1983.[4]  Under § 1981, each citizen is guaranteed the same right to "make and enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  Section 1982 further guarantees all citizens the same right "as is enjoyed by white citizens [] to inherit, purchase, lease, sell, hold, and convey real and personal property."  42 U.S.C. § 1982.  To state a claim under §§ 1981 or 1982, "a plaintiff must ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual [or property] interest."[5]  Denny v. Elizabeth Arden Salons, Inc., 456 F.3d 427, 434 (4th Cir. 2006).

While the United States Court of Appeals for the Fourth Circuit has not addressed the specific elements required to demonstrate discrimination in the context of public bidding, see DAG Petroleum Suppliers, LLC v. BP PLC, 268 F. App'x 236, 241 (4th Cir. 2008) (leaving the determination of "the proper contours of a prima facie case in the bidding context" for "another day"), courts within this circuit have found the test used by the Eleventh Circuit in Brown v. American Honda Motor Co., 939 F.2d 946, 949 (11th Cir. 1991), to be comparable to the standard used by the Fourth Circuit in similar contexts.  See Coles v. Smurfit-Stone Container Corp., C/A No. 4:05CV00063, 2006 WL 2944924, at *3 (W.D. Va. Oct. 13, 2006) (citing Williams v. Staples, Inc.,

---

[4] Guess also asserts a claim under the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq. ("ECOA"), in the Complaint.  However, that claim was summarily dismissed by the Honorable Cameron McGowan Currie, Senior United States District Judge, on April 7, 2015.  (See ECF No. 19.)

[5] "Because of the historic interrelationship of §§ 1981 and 1982, courts have consistently construed these statutes together."  Saunders v. Gen. Servs. Corp., 659 F. Supp. 1042, 1063 (E.D. Va. 1986); see also CBOCS West, Inc. v. Humphries, 553 U.S. 442, 448 (2008) (noting the "sister statutes' common language, origin, and purposes").



372 F.3d 662, 667-68 (4th Cir. 2004) (applying equivalent factors to determine discrimination in the context of a sale for services or goods); Murrell v. Ocean Mecca Motel, Inc., 262 F.3d 253, 257 (4th Cir. 2001) (using similar elements in a case alleging discriminatory refusal to provide accommodations)).  Under the American Honda standard, a plaintiff must demonstrate that:  (1) he is a member of a minority group; (2) he submitted a bid that met the requirements for an available contract; (3) the defendant ultimately rejected the bid; and (4) the defendant awarded the contract to individuals outside of the plaintiff's protected class.  DAG Petroleum Suppliers, 268 F. App'x at 241 (citing American Honda, 939 F.2d at 949).

With regard to a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988). Moreover, to succeed on an equal protection claim under § 1983, a plaintiff must "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."  Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

The defendants move for summary judgment on the ground that Guess has submitted no evidence to show that "race was in any way a factor in the routine actions that make up the subject matter of this action."  (Defs.' Mot. Summ. J., ECF No. 20-1 at 4.)  In support of their motion, the defendants provide affidavit testimony from Defendant Tapp who avers that, before property sold during a tax sale is transferred, the County's normal procedures require a "double-check of records to make sure that the owner of the property had received notice of the tax sale."  (Tapp. Aff., ECF No. 20-2 at 2.)  Tapp avers that during this process, "it was discovered that the County had not

PJG

notified the owner of the property, an individual named William B. Boyle, Jr.," because such "notification went to the mailing address of an entity called Gold Crown Management . . . . a homeowners' association that had paid the taxes in the past." (Id. at 2-3.)  The defendants provide the November 18, 2013 notice mailed to Boyle at Gold Crown Management's address and a copy of a "Void Recommendation" for the property in question indicating that the sale was voided on April 16, 2014 due to "missing green card (cert. mail)" and "notified wrong person - not owner of road."  (Letter, ECF No. 20-2 at 6; Void Recommendation, ECF No. 20-2 at 8.)  Tapp avers that Guess was notified by letter that same date that the tax sale had been cancelled and his money would be refunded upon return of the original bidder receipt.  (Tapp Aff., ECF No. 20-2 at 3; Cancellation Notification, ECF No. 20-2 at 10.)  Tapp avers that such actions "were part of normal operating procedures" and  "were taken without regard to the race of the Plaintiff or anyone else involved in the ownership, taxing, or sale of the property."  (Tapp Aff., ECF No. 20-2 at 3.)  Tapp further avers that she never heard any conversation at the Treasurer's Office about taking the property from Guess due to his race.  (Id.)  The defendants also provide affidavit testimony from Defendant Adams, who avers that his actions "were taken without regard to the race of the Plaintiff" and that Adams had not, to his knowledge, met Guess and was unaware of "his race until the filing of this action."  (Adams Aff., ECF No. 20-3 at 2.)

Guess's response in opposition to the defendants' motion for summary judgment continues to assert that the defendants cancelled the tax sale in a discriminatory manner, based on Guess's race. (Pl.'s Resp. Opp'n, ECF No. 23 at 1.)  Guess further asserts that, after voiding the tax sale, the defendants "paid taxes for the defaulting taxpayer . . . out [of] their own pocket or Richland County

PJG

fund to pull this 'stunt'."[6]  (Id. at 2.)  Guess claims that the affidavits of Tapp and Adams are false

and that the defendants "interfered with plaintiff's ability to make contracts" based on his race.  (Id.)

In support of his response, Guess attaches his Complaint, the defendants' Answer, the Amended

Report and Recommendation issued on March 23, 2015, Guess's objection to the Amended Report

and Recommendation, and portions of deposition testimony by Defendant Tapp taken in conjunction

with a state court action.  (ECF No. 23-1 at 1-48.)  In her deposition, Tapp testified that the

defendants discovered during research for preparation of a tax deed to Guess that the tax notice for

the property in question was sent to the wrong party.  (Tapp Dep. at 8, ECF No. 23-1 at 28.)  Tapp

testified that the tax sale was then cancelled.  (Id. at 19, ECF No. 23-1 at 39.)  Tapp testified that she

remembered calling Guess by phone to notify him that the property on which he bid was a road and

to inquire whether he was aware of potential liability implications if he accepted a deed for the

property.  (Id. at 21-22, ECF No. 23-1 at 41-42.)  Tapp further testified that she recalled stating that

there had been "some talk about the county taking the road."  (Id. at 22, ECF No. 23-1 at 42.)  Guess

further provides his own affidavit, which reiterates his belief that the defendants voided the tax sale

because of Guess's race.  (Guess Aff., ECF No. 25 at 1-2.)

Based on the record in this case, the court finds that Guess has forecast no admissible

evidence from which a reasonable factfinder could infer intentional discrimination by the defendants

based on Guess's race, or that the defendants treated Guess differently from other similarly situated

---

[6] To the extent Guess may be attempting to raise additional claims in his response in opposition which were not presented in the Complaint, such claims are not properly before the court. White v. Roche Biomedical Laboratories, Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (holding that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment"); see also Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment).



bidders.  A nonmoving party may not rely on beliefs, conjecture, or speculation to defeat a properly supported motion for summary judgment, see Barber v. Hosp. Corp. Of Am., 977 F.2d 872, 874-75 (4th Cir. 1992), and Guess has provided only conclusory allegations against the defendants, which do " 'little more than cite to their mistreatment and ask the court to conclude that it must have been related to [his] race.  This is not sufficient.' " Ross v. Flo Foods, Inc.,  C/A No. 3:10CV346-DSC, 2011 WL 3422657, at *5 (W.D.N.C. Aug. 4, 2011) (quoting Lizardo v. Denny's, Inc., 270 F.3d 94, 104 (2d Cir. 2001)); see also Painter's Mill Grille, LLC v. Brown, C/A No. RDB-11-1607, 2012 WL 576640, at *5-7 (D. Md. Feb. 21, 2012) (dismissing claims under §§ 1981 and 1982 as conclusory), aff'd, 716 F.3d 342 (4th Cir. 2013).  Moreover, even if Guess had produced sufficient evidence to establish a *prima facie* case of discrimination by the defendants, he has presented no admissible evidence to show that the defendants' proffered reason for voiding the tax sale was pretextual. Merritt v. Old Dominion Freight, 601 F.3d 289, 294 (4th Cir. 2010).  Therefore, Guess's claims under §§ 1981, 1982, and 1983 must fail.

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion for summary judgment (ECF No. 20) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 1, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).